JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.
By:     Heidi R. Weintraub, Esquire (008591993)
        Erica Domingo, Esquire (011202009)
1000 HADDONFIELD-BERLIN ROAD, SUITE 203
VOORHEES, NJ 08043
TELEPHONE: (856) 596-4100
FAX: (856) 702-6640
ATTORNEYS FOR PLAINTIFF

| DONNA GLAESENER,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and PORT AUTHORITY TRANS-HUDSON,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>NEWARK VICINAGE<br><br>Civil No.<br><br>**PLAINTIFF'S COMPLAINT** |
|---|---|

Plaintiff, Donna Glaesener ("Glaesener"), by and through her undersigned attorney, hereby files this Complaint against Defendants, Port Authority of New York and New Jersey ("PANYNJ") and Port Authority Trans-Hudson ("PATH") (collectively "Defendants") and state as follows:

### INTRODUCTION

1.      This is an action for race and sex discrimination, hostile work environment, retaliation, pursuant to 42 U.S.C. Section 2000e *et seq*.  (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1346.

3.      Plaintiff filed a Complaint against Defendants with the EEOC on or about December 10, 2018.

4. Plaintiff received a "Right to Sue" letter from the EEOC on or about September 6, 2019.

5. This action was initially commenced within the ninety (90) day deadline set forth in the "Right to Sue" letters under docket 2:19-cv-20570 and is being re-filed separately pursuant to a Court Order of March 2, 2020.

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b), since the events giving rise to the claims occurred in this District.

## PARTIES

7. At all times relevant herein, Plaintiff, Donna Glaesener, is a black female who resides in Linden, New Jersey.

8. At all times relevant herein, Defendant PANYNJ is an interstate agency/ joint venture between the states of New York and New Jersey establish through an interstate compact authorized by the United States Congress, operating in both New York and New Jersey.

9. At all times relevant herein, Defendant PATH is a wholly owned subsidiary of Defendant PANYNJ.

10. At all times relevant herein, both Defendants controlled various aspects of Plaintiff's employment and are therefore joint employers.

## FACTS

11. Plaintiff incorporates the preceding paragraphs as though set forth at full herein.

12. Glaesener began working at PATH – a subsidiary of PANYNJ - in or about 1996 as a Conductor.

13. Having received various promotions, in February 2016 Glaesener became the Chief

Safety Supervisor, and continue to work in that role to date, reporting to Louis Dulfer ("Dulfer") and David Volk ("Volk").

14. In 2016 when Dulfer was promoted to Safety Manager, Glaesener inquired about the vacant position of Principal Safety & Environmental Coordinator ("Principal").

15. At that time, Dulfer advised that Defendants would not be filling the position.

16. However, in or about July 2017, Volk was appointed to the Principal position without the position being posted for application or interview.

17. As a result, Glaesener was not even considered for the Principal position.

18. Thereafter, it became known that Dulfer was scheduled to retire in June 2018.

19. Glaesener expressed to multiple members of Defendants' upper management that she was interested in assuming the position of Safety Manager, and they repeatedly assured her that the position would be posted.

20. On or about July 20, 2018, Glaesener met with Wayne Turner ("Turner") in Respondent's EEO office to object to and/or disclose that Volk was being "groomed" for Dulfer's position, as well as to object to, report, and/or disclose the lack of diversity in Respondent's upper management and that Defendants' hiring procedures favored white males.

21. Turner advised Glaesener that she could request a diverse and inclusive panel when the Safety Manager position was posted.

22. Instead, on or about October 5, 2018, Volk was promoted to the position of Acting Manager without interview and despite the fact that he was not eligible for the promotion under Defendants' internal policies and procedures.

23. While Defendants are permitted to make appointments via Direct Departmental Option ("DDO"), DDO has historically been used by Defendants to appoint and advance white

males, including, but not limited to, Dulfer, Volk, Kevin Lejda, and Thomas Rowbottom.

24. On that same date, Glaesener emailed Turner to object to and/or disclose that Volk had been offered the position without it being posted.

25. On or about October 9, 2018, Glaesener also requested of Turner that Defendants' Equal Employment Office ("EEO") conduct an investigation into Defendants' discriminatory hiring practices.

26. By way of further example, on or about July 24, 2018, Glaesener applied for a promotion to the position of Chief Operations Examiner.

27. Upon information and belief, five (5) candidates were interviewed for the position.

28. On or about October 16, 2018, Glaesener learned that Mike Moran, a white male, was selected for the position.

29. Glaesener was previously passed over for promotions in 2013 and 2016 in favor of lesser-qualified white males.

30. By way of further example, when Glaesener was offered a promotion to System Safety Engineer, she was told she would have to resign from PATH and forfeit her time within the PATH retirement system; as a result Glaesener declined to accept the promotion.

31. Thereafter, the System Safety Engineer position was awarded to Brad Neggers, a white male who did not meet the minimum qualifications for the position, and who was not forced to resign from PATH or forfeit his time within the PATH retirement system.

32. Upon information and belief, other black females have also been passed over for promotions in favor of white males who, at times, do not even meet Defendants' minimum qualifications for the promotion.

33. Upon information and belief, Defendants have a pattern and/or practice of

promoting white males over equally or more-qualified black females.

## COUNT I - Discrimination

34. Plaintiff incorporates the preceding paragraphs as though set forth at full herein.

35. Defendants failed to promote Glaesener, which had an adverse effect on the terms, conditions, and privileges of her employment, including her rate of compensation.

36. Glaesener's race was a motivating factor in Defendants' decision.

37. Defendants' reasons for failing to promote Glaesener are pretext for their underlying discriminatory motives.

38. Defendants violated Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, interest, attorney's fees, costs of suit and such other relief as is just and equitable.

## COUNT II - Retaliation

39. Plaintiff incorporates the preceding paragraphs as though set forth at full herein.

40. Glaesener engaged in protected conduct when, in or about July 2018 and October 2018, she disclosed, objected to, and/or reported Defendants' discriminatory hiring/promotional practices.

41. Thereafter, Glaesener was subject to adverse employment action including, but not limited to, Defendants' failure to promote her to the position of Chief Operations Examiner on or about October 15, 2018 and Principal Programs & Training

Coordinator in February 2019, which had an adverse effect on the terms, conditions, and privileges of her employment, including her rate of compensation.

42. Upon information and belief, Defendants only interviewed black women for the position of Principal Programs & Training Coordinator, suggesting their hiring choices were a direct response to Glaesener's internal complaints and EEOC charge.

43. Despite Glaesener being the only interviewed candidate who met the minimum qualifications for the position, she still was not awarded the position.

44. The Principal Programs & Training Coordinator position was awarded to Raishea Haines – a black woman who did not meet the minimum qualifications for the position.

45. There is a causal connection between Glaesener's protected conduct and the adverse employment action against her.

46. Defendants' reasons for failing to promote Glaesener are pretext for their underlying retaliatory motives.

47. Defendants violated Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, interest, attorney's fees, costs of suit and such other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.
BY: /s/ Erica Domingo

Dated: February 25, 2020                                              ERICA DOMINGO